# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHERRY DENNIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1375-HE |
| | ) | |
| PROGRESSIVE NORTHERN, | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Sherry Dennis filed this case in Oklahoma state court in January 2014, seeking damages for injuries sustained by her in a 2012 car accident. Initially, the case was only against the driver of the other vehicle, Shelby Lunn. Later, on May 27, 2014, plaintiff filed an amended petition asserting claims for breach of contract and bad faith against her own auto insurer, Progressive Northern Insurance Company ("Progressive"), based on her auto policy's underinsured motorist (UIM) coverage. Several months later, Progressive moved for the bifurcation of the claims against it from the negligence claim against Lunn. The state court granted the motion on December 8, 2014, based on the potential for prejudice to the parties from the jury having information about the existence of insurance [Doc. #1-28]. It ordered that plaintiff's claims against Progressive be bifurcated from her claims against Lunn and that the claims be tried to separate juries, with the claims against Lunn to be tried first. Progressive then immediately removed the case to this court on December 12, 2014 [Doc. #1], asserting diversity of citizenship as the basis for subject matter jurisdiction and contending that Lunn had become a nominal party whose citizenship should be ignored for

diversity purposes. Plaintiff has now moved to remand the case to state court, arguing that diversity is lacking due to plaintiff and Lunn both being citizens of Oklahoma. The motion is at issue.

Progressive asserts that entry of the bifurcation order made Lunn a "nominal party" whose citizenship should be ignored.[1] Specifically, it argues that the state court's order for bifurcation was impliedly an order for severance and that the result was, in substance, the creation of two separate lawsuits. It argues that the suit between itself and plaintiff–now separate from that between plaintiff and Lunn, as Progressive sees it–involves diverse parties and is therefore removable.

Progressive's argument is resourceful and not without some appeal as a practical matter. However, in the circumstances of this case and against the backdrop of the presumption against expansive interpretation of the removal statutes,[2] the court concludes it is not ultimately persuasive. There is a difference between "bifurcating" the claims in a case and "severing" them. Bifurcation does not produce two separate cases. It merely divides the claims for a limited period of time, *i.e.,* during trial, but treats them as part of the same case for purposes of final resolution. Severance, by contract, results in separate actions.

---

[1]*The caption of this case, based on Progressive's removal petition and related documents, identifies only Progressive as a defendant. It does not mention Lunn.*

[2]*See, e.g.,* Pritchett v. Office Depot Inc., *420 F.3d 1090, 1094-5 (10th Cir. 2005): "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." That principle does not apply to removals under the Class Action Fairness Act, see* Dart Cherokee Basin Operating Co. LLC v. Owens, *135 S.Ct. 547, 554 (2014), but is consistently recognized by the Tenth Circuit in other removal contexts.*

*See* Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519 n. 8 (10th Cir. 1991) (analyzing Fed.R.Civ.P. 21 and Fed.R.Civ.P. 42(b), which are substantially similar to 12 Okla. Stat. §§ 2021 and 2018D, respectively).[3]

Here, it is clear that Progressive explicitly sought "bifurcation." It titled its motion that way. *See* Doc. #1-20. The motion explicitly relied on 12 Okla. Stat. § 2018, the bifurcation statute. The state court ordered that the trial of plaintiff's claims against the two defendants be "bifurcated." [Doc. #1-28]. Given this explicit track record, the court is unpersuaded by the suggestion that the state court really meant to "sever" the cases rather than "bifurcate" them, or that it impliedly did so. Lunn and Progressive continued to be defendants in the same case.

The court is also unpersuaded that the other factors identified by Progressive, coupled with the bifurcation order, serve to make Lunn a "nominal" defendant. It is true that, in determining diversity, a court looks only to the citizenship of "real and substantial parties to the controversy" and "must disregard nominal or formal parties" in determining whether parties are completely diverse for jurisdictional purposes. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980). There is no mechanical or bright line rule for determining when a party should be viewed as merely nominal, with the focus of the inquiry being on whether

---

[3]*The parties have not pointed to Oklahoma cases explicitly discussing this distinction but, given the similarities between the pertinent federal rules and Oklahoma statutes, the federal cases on point are instructive. See e.g.,* Vogel v. Merck & Co., Inc., *476 F.Supp.2d 996, 999-1001 (S.D. Ill. 2007) (reviewing federal rules);* Miller v. Fulton, *113 F.Supp.2d 1035, 1037-39 (S.D.Miss. 2000) ( reviewing Alabama rules similar to federal rules);* Caldwell v. Alfa Ins. Corp., *806 F.Supp. 623, 624-25 (S.D.Miss. 1992) (reviewing Mississippi rules similar to federal rules).*

the party has an actual interest in the substantive controversy. Chesapeake Exploration LLC v. BP Am. Prod. Co., No. CIV-10-0519-HE, 2010 WL 2891668, at 2-3 (W.D. Okla. July 21, 2010). However, Lunn's status is not like that of defendants who are often challenged as being "nominal." It is undisputed that a valid claim was asserted against her and was, for the first few months of the case's existence, the only claim asserted. There is no suggestion that the claims against her and Progressive were improperly joined under Oklahoma law. The resolution of the claim against Lunn continues to be related to the resolution of the claim against Progressive, albeit by stipulation of Progressive that it will be bound by the result against Lunn, rather than by its direct participation in a trial.

Lunn continued to participate in the case to at least some degree, through her own counsel, after Progressive was joined. It is no doubt true that, from a financial standpoint, Lunn is a very minor player in any overall settlement or resolution of the claim against her. But she nonetheless has personal exposure on it, which insurance will probably, but may not necessarily, cover.[4]

Progressive suggests that Lunn is a nominal defendant, at least in part, because she is "judgment proof".[5] However, the court has considerable doubt that an otherwise proper

---

[4]*Progressive suggests there is ample coverage under multiple policies for plaintiff's injuries, although it is less than clear Progressive concedes either coverage under policies other than plaintiff's personal one or that it has waived subrogation as to both the personal policy and the Hospital policy. See Doc. Nos. 10-11 and 10-12. However, the issue is not determinative here.*

[5]*That conclusion is not beyond dispute. Lunn indicates she has no significant assets, but her future earnings are a potential source of payment for some or all of any judgment obtained.*

defendant becomes "nominal" simply by having no assets or by running out of money.[6]

In any event, the court concludes, in the particular circumstances of this case, that the bifurcation order entered by the state court did not turn defendant Lunn into a nominal defendant. Her citizenship must therefore be considered in determining whether the parties are diverse and, as both plaintiff and Lunn are Oklahoma citizens, they are not.

As complete diversity between the parties does not exist here, this court does not have jurisdiction and the case must be remanded. Plaintiff's motion to remand [Doc. #7] is therefore **GRANTED**. This case is **REMANDED** to the District Court of Kay County, Oklahoma.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]*See* <u>Bellone v. Roxbury Homes, Inc.</u>, 748 F.Supp. 434, 437 (W.D. Virginia, 1990): *"Although IBS has suggested that, since RH has no assets, the plaintiffs, even if successful in this lawsuit, would be unable to recover damages from RH, this Court does not believe that its jurisdiction is premised upon the strength or weakness of a given defendant's financial statements. If this were true, a great number of the cases now pending in the federal courts of this country would be improper due to the fact that some or all of the defendants in those suits are judgment-proof."*

5